UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSE LUIS PENA, JR., | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:23-CV-673-TLS-JEM |
| BRIDEGROOM, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Jose Luis Pena, a prisoner without a lawyer, filed an Amended Complaint under 42 U.S.C. § 1983.[1] ECF No. 5. As required by 28 U.S.C. § 1915A, the Court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because the Plaintiff is proceeding without counsel, the Court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Plaintiff is an inmate in long-term disciplinary segregation at Westville Correctional Facility ("Westville") who suffers from diabetes. Because of his illness, he must receive insulin injections each day to manage his blood glucose levels. He states that he is supposed to receive

---

[1] The Plaintiff's original complaint was stricken because it asserted unrelated claims against unrelated defendants. *See* ECF No. 4. The Plaintiff was given an opportunity to file an amended complaint, and he responded with the present filing.

his insulin shots at regular intervals approximately 15 minutes before or after he eats. He further states that if he does not get the insulin shots on a regular schedule, he experiences physical symptoms that could become life-threatening.

According to the Amended Complaint, Nicole Bridegroom is the Medical Director at Westville and is responsible for scheduling nursing staff and otherwise ensuring that the medical department runs smoothly. He claims that over the course of two years, Director Bridegroom has not scheduled nurses in a proper manner so that he can be given insulin shots at regular intervals. He provides several examples. He claims that for five days in February 2022 there were not enough nurses on staff and he received no insulin shots at all. He claims to have "suffered very badly those days." On multiple other dates in 2022 and 2023, due to the lack of a "day nurse" on duty, he received his insulin shots either very late or too early. As one example, he states that on a date in December 2022 he got his "morning" insulin shot at 11:30 p.m., eight hours after he had eaten dinner. He was given his second shot at 2:30 a.m. the next morning (only three hours later), even though he would not be eating for several hours. He provides several other dates when this occurred. He claims that the failure to give him insulin on a regular schedule has resulted in him fainting, feeling sick, and experiencing dangerous drops in his glucose levels. He states that he has complained to Director Bridegroom multiple times about this issue and also contacted the prison ombudsman's office, which in turn contacted Director Bridegroom. Still, the problem has allegedly persisted. Based on these events, the Plaintiff sues Director Bridegroom, her employer Centurion Health ("Centurion"), and Warden John Galipeau.

Under the Eighth Amendment, inmates are entitled to adequate medical care for serious medical conditions. *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). However, they are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954,

965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (internal quotation marks and citation omitted)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. The Court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (internal quotation marks and citation omitted). Ignoring an inmate's complaints or delaying in providing necessary treatment can amount to deliberate indifference, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020).

The Plaintiff's diabetes qualifies as a serious medical condition. If not treated properly, it can lead to kidney disease, stroke, or even a fatal coma. *Miller v. Lemke*, 711 F. App'x 354, 355 (7th Cir. 2018). On the subjective prong, he claims that for an extended period of time, Director Bridegroom has failed to adequately schedule nurses and otherwise ensure that he receives insulin shots at proper intervals. He claims she is well aware of the problems this is causing him because of his multiple grievances and an inquiry made by the prison ombudsman's office. Giving the Plaintiff the inferences to which he is entitled at this stage, he has alleged a plausible deliberate indifference claim against Director Bridegroom.

The Plaintiff also sues Centurion, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Centurion cannot be held liable solely because it employs Director Bridegroom. *J.K.J. v. Polk County.*, 960 F.3d 367, 377 (7th Cir. 2020). Furthermore, he makes clear in the Amended Complaint that it is Director Bridegroom who caused the problem, not

3

something done by the corporation itself. *See Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654–55 (7th Cir. 2021); *Flores v. City of S. Bend*, 997 F.3d 725, 733 (7th Cir. 2021). This corporate defendant will be dismissed.

The Plaintiff also seeks to hold the Warden liable as the official responsible for overseeing prison operations. However, liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable for damages merely because of his position. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). He mentions having filed grievances with the Warden about the insulin problem, but this by itself is not enough to state a claim under 42 U.S.C. § 1983. *Burks*, 555 F.3d at 595. He does not plausibly allege that Warden Galipeau was personally involved in deciding when or how he should be given his insulin shots, and as a non-medical staff member, the Warden was permitted to defer to the Plaintiff's medical providers about the administration of his medication. *Id*. He has not stated a deliberate indifference claim against the Warden.

Nevertheless, the Amended Complaint can be read to allege that the Plaintiff has an ongoing need for injunctive relief in the form of adequate treatment for his diabetes. The Warden is a proper defendant for such a claim. *See Daniel v. Cook County.*, 833 F.3d 728, 736 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The Plaintiff will be permitted to proceed against the Warden in his official capacity to obtain constitutionally adequate medical treatment for his diabetes.

The Plaintiff also appears to allege that the Warden violated his constitutional rights by mishandling and then restricting his grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011). Thus, the "alleged

mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Id.* The Plaintiff's allegations about his grievances do not state a viable constitutional claim.[2]

For these reasons, the court:

(1) GRANTS the Plaintiff leave to proceed against Nicole Bridegroom in her individual capacity for money damages for deliberate indifference to his need to receive insulin shots at regular intervals from 2021 to the present;

(2) GRANTS the Plaintiff leave to proceed against Warden Galipeau in his official capacity to obtain injunctive relief in the form of constitutionally adequate medical care for his diabetes;

(3) DISMISSES all other claims;

(4) DISMISSES Centurion as a defendant;

(5) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nicole Bridegroom at Centurion Health and to send her a copy of this order and the Amended Complaint [ECF No. 5] pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the Clerk of Court to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden John Galipeau at the Indiana Department of Correction and to send him a copy of this order and the Amended Complaint [ECF No. 5] pursuant to 28 U.S.C. § 1915(d);

---

[2] He appears to allege that the Warden tried to hinder his ability to exhaust his administrative remedies with respect to the claims raised in this lawsuit. If exhaustion becomes an issue at a later stage, the Plaintiff is free to argue that he was prevented from exhausting and thus had no remedies that were "available." *Woodford v. Ngo*, 548 U.S. 81 (2006). However, his allegations do not give rise to an independent constitution claim. *Daniel*, 833 F.3d at 736.

(7) ORDERS Centurion Health and the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(8) ORDERS Nicole Bridegroom and Warden Galipeau to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 30, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT